## CONNOLLY v. ROGERS ET AL.

HUSBAND AND WIFE: HOMESTEAD.

*Appeal from Floyd District Court.*

FRIDAY, JUNE 13.

ACTION in chancery to subject certain lands, the title of which is held by defendant Fedilia Rogers, to a judgment in favor of plaintiff and against the other defendant, the husband of Fedilia. There was a decree dismissing plaintiff's petition. He appeals to this court.

*Samuel Phelps Leland,* for appellant.

No appearance for appellees.

BECK, CH. J. The property in controversy was acquired by defendant Fedilia after the note upon which the judgment was rendered was given. At that time the defendants, as husband and wife, were occupying a homestead in Charles City. The husband had a livery stable and some other property largely exceeding in value the amount of the note. He executed mortgages upon his livery stable soon after the note was given, and exchanged the homestead for land in Hancock county, the title being taken in his own name. The land was held for six or nine months by the husband, when it was conveyed to the wife's brother, and soon afterward conveyed by him to the wife. This land was exchanged for the property in controversy.

It appears that the debt to plaintiff was not contracted upon the credit

the husband acquired by the land in controversy, or the property exchanged for it, which was a homestead and not subject to execution.

The controlling question of fact is this: Did the wife pay for the property with her own money? The only witness testifying in the case was the husband. He testified positively that the property was purchased with the wife's money, or was obtained by exchanging property she owned. This evidence we cannot disregard, and are bound to conclude that the property really belongs to the wife. While there are some circumstances developed in the testimony of rather suspicious character, we are not authorized to find that the transaction by which the wife acquired the land was fraudulent, being intended to defeat the creditors of the husband.

AFFIRMED.